*Municipal Court of the City of Boston*

No. 377596

## NORMAN HARRIS ET ALS

### v.

## GARDNER FAY

(June 28, 1955)

*Fox, J.* In this action of tort the plaintiffs claim personal injury and property damage as a result of an automobile accident which occurred on April 5, 1953, on Route 15 in the Town of Tolland, Conn.

There was a sharp conflict in the versions of the

event as testified to by the parties. According to the defendant's version his car was the first in a series of 3 cars, all of which were involved in the accident. The second car, which bore a New Jersey registration, had stopped immediately in back of him. Prior to stopping, the defendant's car had been moving in a line of traffic, at a rate of 40 to 45 miles per hour. As he approached the crest of a hill he overtook a line of cars ahead of him and brought his car to a stop. The New Jersey car stopped immediately in back of him,—about 3 or 4 feet behind. About 2 seconds after he stopped he heard a screech of brakes and then a crash and the New Jersey car struck his car in the rear. After the accident he discovered the front of the plaintiff car enmeshed with the rear of the New Jersey car.

According to the plaintiffs' version of the event the defendant's car had passed the car in which they were travelling while going up the hill; it was going about 55 miles per hour and was on the wrong side of the road and across the solid white line. They saw the defendant's car pass the New Jersey car, and then stop suddenly.

From the above it is evident that the court (*Tomasello, J.*) was confronted by a pure issue of fact. The defendant requested the trial court to rule that "there is evidence of negligence on the part of the plaintiff George Blotcher which contributed to cause the accident" and that "there is evidence of negligence on the part of the plaintiff Robert Harris —which contributed to cause the accident." The court refused to so rule and the sole question before us concerns the propriety of its action in so ruling.

Had the defendant requested the court to rule that there was evidence *to warrant findings* of negligence in both of these situations, the defendant would have been entitled to such ruling. However, the defendant did not so phrase these requests for rulings, but called upon the court to rule as a matter of law, and regardless of the conflict in the testimony that "there

is evidence of negligence", which means that there is negligence which contributed to the accident, a ruling which in and of itself would foreclose the plaintiffs' right to recover. Whether or not there was negligence depended on the version of the event which the court accepted. If the defendant's version was accepted, then there certainly was sufficient evidence to warrant a finding of negligence on the part of the plaintiffs which would preclude their recovery. If, on the other hand, the plaintiff's version was believed, and the court found as a fact that the defendant raced up the hill, passed the plaintiff car and the New Jersey car while travelling on the wrong side of the road, then tried to get into the line of traffic and came to a sudden stop, there certainly was enough evidence on the basis of such findings to warrant a finding of negligence on the part of the defendant. However, it was an open question, and to call upon the court to rule that "there is evidence of negligence on the part of the plaintiff George Blotcher which contributed to cause the accident" and to rule that "there is evidence of negligence on the part of Robert Harris, his agents or servants which contributed to cause the accident" is virtually to call upon the court to preclude itself from considering the version presented by the plaintiffs. Under the circumstances the requests for rulings were properly denied.

*Report dismissed.*

Benjamin Korolick, for the plaintiff.
Philip Fine, for the defendant.